# EXHIBIT A

# CB&P
**CROMER
BABB &
PORTER**

## Fearless Advocates. Fierce Challengers.

March 5, 2024

**_Certified Mail, Return Receipt Requested_**          **_Receipt #91 7199 9991 7037 2950 7163_**

Corporation Service Company
Registered Agent for Save The Children Federation, Inc.
508 Meeting Street
West Columbia, SC 29169

Re:     *Sonia E. Gass vs. Save the Children Federation, Inc.*
        Case No. 2024-CP-38-00315

Dear Sir or Madam:

Enclosed please find a filed copy of Summons and Complaint on the above referenced matter which is served upon you as the Registered Agent for Save the Children Federation, Inc. d/b/a Save the Children. Please remit to Save the Children Federation, Inc.'s legal representative as soon as possible.

Sincerely,

Iris W. Ray

Iris W. Ray
*Senior Litigation Paralegal*

/iwr
Enclosures

STATE OF SOUTH CAROLINA

COUNTY OF ORANGEBURG

IN THE COURT OF COMMON PLEAS

C/A No.: 2023-CP-12-00573

Sonia E. Glass

        Plaintiff,

v.

Save the Children Federation, Inc.
d/b/a Save the Children,

        Defendant.

**CERTIFICATE OF SERVICE**

      This is to certify that the undersigned employee of Cromer Babb & Porter, LLC, did cause to have served on March 5, 2024, a copy of the filed Summons and Complaint, by First Class Mail, certified mail, return receipt requested, postage prepaid, to the following Registered Agent at the below indicated address:

***Certified Mail, Return Receipt Requested***      ***Receipt #91 7199 9991 7037 2950 7163***
Corporation Service Company
Registered Agent for Save The Children Federation, Inc.
508 Meeting Street
West Columbia, SC 29169

Iris W. Ray, *Senior Litigation Paralegal*

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

STATE OF SOUTH CAROLINA

COUNTY OF ORANGEBURG

Sonia E. Gass,

Plaintiff,

v.

Save the Children Federation, Inc.
d/b/a Save the Children,

Defendant.

IN THE COURT OF COMMON PLEAS
IN THE FIRST JUDICIAL CIRCUIT


**SUMMONS**


TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**CROMER BABB & PORTER, LLC**

BY:    *s/Julius W. Babb, IV*
        Julius W. Babb, IV (#77216)
        Harper L. Hutson (#106343)
        1418 Laurel Street, Ste. A
        Post Office Box 11675
        Columbia, South Carolina 29211
        Phone: (803) 799-9530
        jay@cromerbabb.com
        harper@cromerbabb.com
      Attorneys for Plaintiff

March 4, 2024
Columbia, South Carolina

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

STATE OF SOUTH CAROLINA

COUNTY OF ORANGEBURG

Sonia E. Gass,

                Plaintiff,

v.

Save the Children Federation, Inc.
d/b/a Save the Children,

                Defendant.

IN THE COURT OF COMMON PLEAS
IN THE FIRST JUDICIAL CIRCUIT

**COMPLAINT**
**(Jury Trial Demanded)**

## EMPLOYMENT CASE

The Plaintiff complaining of the Defendant respectfully alleges as follows.

### PARTIES AND JURISDICTION

1.      Plaintiff, Sonia E. Gass, is currently a citizen and resident of Ramsey County, Minnesota but was a citizen and resident of Orangeburg County, South Carolina during the occurrences of this lawsuit.

2.      Defendant, Save the Children Federation, Inc. d/b/a Save the Children ("Defendant") is a non-profit that operates in the State of South Carolina, does business in Orangeburg County, and has offices, agents, and employees in the State of South Carolina.

3.      This action arises under Title VII of The Civil Rights Act of 1964 and the common law of South Carolina.

4.      The acts and omissions discussed in this lawsuit happened primarily in Orangeburg County.

5.      This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over these parties.

6.      This Court is a proper venue for this case.

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

7.    Plaintiff demands a jury trial on all triable claims and issues.

## PROCEDURAL PREREQUISITES

8.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and South Carolina Human Affairs Commission within 300 days of the discrimination alleged.

9.    The EEOC issued a right to sue letter to Plaintiff.

10.   This lawsuit is filed within 90 days of that right to sue letter.

11.   Defendant has more than 500 employees.

## FACTUAL ALLEGATIONS

12.   Plaintiff is an African American woman originally from Barbados.

13.   Plaintiff was hired as the South Carolina State Director on or about March 18, 2018.

14.   Plaintiff implemented programs that impacted the success of children in the community, and she was responsible for overseeing more than 175 statewide affiliate employees.

15.   Plaintiff's ability to manage employees was limited by Defendant.

16.   Plaintiff was not permitted to counsel or discipline white employees; however, she was allowed to counsel and discipline Black employees.

17.   In or around March 2022, Plaintiff was contacted by Human Resources and was advised a purported complaint was made against her.

18.   Defendant would not give Plaintiff any details about what exactly was complained about or who made it.

19.   Upon information and belief, the complaint lodged against Plaintiff was filed by two white employees, Katelyn (OPS Coordinator) and Kelly (Program Specialist), both of whom were under Plaintiff's direction and had disciplined.

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

20.    In a subsequent email with HR Business Advisor, Amanda Kohn, Plaintiff raised her concern that she was being subjected to disparate treatment and that she felt like Defendant was trying to terminate her.

21.    Plaintiff is Barbadian and has a noticeable accent. Some consider Plaintiff to be honest and forward.

22.    Plaintiff's concern was immediately rebuffed, and Ms. Kohn commented to Plaintiff that she herself had been moved to several positions because people did not like the way she talked.

23.    In or around early May 2022, Plaintiff's supervisor, Angela Boggs, showed up to the Orangeburg office unannounced.

24.    While Plaintiff had no issue with Ms. Boggs' presence, Plaintiff was uninformed of her visit considering Ms. Boggs traveled from Kentucky and no prior notice was given to Plaintiff.

25.    Upon information and belief, Ms, Boggs was sent to Orangeburg to observe Plaintiff.

26.    Plaintiff again raised the issue of generally not being informed of things by Defendant, but Ms. Boggs rebuffed Plaintiff just as Ms. Kohn had.

27.    In or around early June 2022, Plaintiff was leaving a restaurant when she saw Ms. Boggs in Orangeburg. Plaintiff called Ms. Boggs and asked if she was in town, but Ms. Boggs was evasive about her location.

28.    On another occasion, Defendant subjected Plaintiff to disparate treatment when it chose to promote two of Plaintiff's similarly situated white counterparts but not her.

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

29.     Defendant informed Plaintiff that two other State Directors, Patrick Lannone and Will Dittmire, both white men, were being promoted to Managing Director and Plaintiff was not.

30.     Plaintiff asked why she wasn't and Shane Garver, a white male, told Plaintiff that she was "given an adjustment, but it seems as though [Plaintiff] wants to make all the money."

31.     At no point was Plaintiff placed on a Performance Improvement Plan or given corrective action despite Defendant having policies for both of those courses of action.

32.     On or about July 29, 2022, Defendant terminated Plaintiff for unstated reasons.

### FIRST CAUSE OF ACTION
**(National Origin Discrimination in Violation of Title VII)**

33.     Plaintiff realleges the foregoing where not inconsistent herewith.

34.     Plaintiff is a member of a protected class based on her national origin, Barbadian.

35.     Plaintiff met the legitimate performance expectations of her job.

36.     Upon information and belief, two employees, who Plaintiff counseled, unjustifiably complained about Plaintiff

37.     Plaintiff never received any corrective action or was placed on a performance improvement plan, even though Defendant had protocols for both of those courses of action.

38.     Plaintiff's termination was caused by her national origin in violation of 42 U.S.C. § 1981.

39.     Plaintiff's non-Barbadian coworkers were not subjected to the same or similar adverse treatment.

40.     Plaintiff seeks the following damages from Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, pain and suffering, stress and anxiety, emotional

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

harm, prejudgment interest, punitive damages, attorney fees and costs, and appropriate equitable relief.

### FOR A SECOND CAUSE OF ACTION
#### (Race Discrimination in Violation of Title VII)

41.    Plaintiff realleges the foregoing where not inconsistent herewith.

42.    Plaintiff is a member of a protected class based on her race, African American.

43.    Plaintiff met the legitimate performance expectations of her job.

44.    Plaintiff was not allowed to counsel or discipline Defendant's non-Black employees.

45.    Plaintiff was not promoted to Managing Director like two of her white colleagues.

46.    Plaintiff never received any corrective action or was placed on a performance improvement plan, even though Defendant had protocols for either of those courses of action.

47.    Plaintiff's termination was caused by her race in violation of 42 U.S.C. § 1981.

48.    Plaintiff seeks the following damages form Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, pain and suffering, stress and anxiety, emotional harm, prejudgment interest, punitive damages, attorney fees and costs, and appropriate equitable relief.

### FOR A THIRD CAUSE OF ACTION
#### (Retaliation – Title VII)

49.    Plaintiff realleges the foregoing where not inconsistent herewith.

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

50.     Plaintiff engaged in protected activity when she raised concerns over being subjected to disparate treatment and being terminated by Defendant via email to Amanda Kohn after the purported complaint made against her. Plaintiff's concern was ignored.

51.     Plaintiff engaged in protected activity when she raised similar concerns to Angela Boggs about Defendant keeping Plaintiff in the dark. Plaintiff's concern was again ignored.

52.     Plaintiff engaged in protected activity when she asked Shane Garver why two of her non-Black, non-Barbadian colleagues were promoted to Managing Director but she wasn't. Garver accused Plaintiff of being greedy.

53.     Defendant was on notice of this alleged protected activity when Plaintiff was fired.

54.     Plaintiff was fired on pretextual grounds no less than four months after the earliest protected activity alleged above.

55.     Plaintiff was terminated because of her protected activity under Title VII.

56.     Plaintiff seeks the following damages form Defendant as a result: back pay, front pay, lost benefits, diminished earning capacity, pain and suffering, stress and anxiety, emotional harm, prejudgment interest, punitive damages, attorney fees and costs, and appropriate equitable relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sonia E. Gass prays for judgment against Defendant for all damages available to her under federal law and South Carolina law. Finally, Plaintiff prays for equitable relief, attorney's fees and costs of this action, pre-judgment interest on all damages, and any such other relief as the Court may deem just and proper.

ELECTRONICALLY FILED - 2024 Mar 04 9:36 AM - ORANGEBURG - COMMON PLEAS - CASE#2024CP3800315

**CROMER BABB & PORTER, LLC**

BY:    *s/Julius W. Babb, IV*
           Julius W. Babb, IV (#77216)
           Harper L. Hutson (#106343)
           1418 Laurel Street, Ste. A
           Post Office Box 11675
           Columbia, South Carolina 29211
           Phone: (803) 799-9530
           Fax: (803) 799-9533
           jay@cromerbabb.com
           harper@cromerbabb.com

           Attorneys for Plaintiff

March 4, 2024
Columbia, South Carolina

CERTIFIED MAIL

**CB&P** CROMER BABB & PORTER

1418 Laurel Street, Suite A
P.O. Box 11675
Columbia, SC 29211



COLUMBIA SC 290
MAR 2024 PM
FIRST-CLASS



US POSTAGE IMI PITNEY BOWES

ZIP 29201
02 7H
0001252601

$ 008.69⁰

MAR 05 2024

91 7199 9991 7037 2950 7163

Corporation Service Company
Registered Agent for Save The Children Federation, Inc.
508 Meeting Street
West Columbia, SC 29169

29169-753508